Patricia Lee (8287)
Joseph R. Ganley (5643)
David M. Doto (11796)
Ramez Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:    (702) 385-2500
Fax:    (702) 385-2086
plee@hutchlegal.com
jganley@hutchlegal.com
ddoto@hutchlegal.com
rghally@hutchlegal.com

*Attorney for ProCare Hospice of Nevada, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PROCARE HOSPICE OF NEVADA, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ONECARE HOSPICE, LLC, a Nevada limited liability company; ONECARE HEALTH SERVICES, LLC, a Nevada limited liability company; ONECARE HOME HEALTHCARE, LLC, a Nevada limited liability company DOES 1-10; and ROE CORPORATIONS 1-10, inclusive, <br><br> Defendants. | **Case No.:  2:21-cv-00417-APG-NJK** <br><br><br> **MOTION FOR PROTECTIVE ORDER** |

Plaintiff ProCare Hospice of Nevada, LLC (ProCare), by and through their counsel of record, Hutchison & Steffen, PLLC, file this Motion for Protective Order.

This Motion is made and based on the following points and authorities, all papers and pleadings on file herein, and any oral argument which this Honorable Court may entertain at time of hearing on this matter.

1

2

## <u>MEMORANDUM POINTS AND AUTHORITIES</u>

## 1.    Introduction

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

        When a special motion to dismiss is filed under NRS 41.650, NRS 41.660 (3)(e)(1) provides that the court shall stay discovery pending resolution of the anti-SLAPP motion. NRS 41.660 (4) provides that a party may overcome this discovery stay and obtain limited discovery by showing that "information necessary to meet or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of another party or a third party and is not reasonably available without discovery."  Some California courts have refused to apply California's anti-SLAPP discovery stay statute because they found that it directly conflicts with FRCP 56 (d). Unlike the California statute, however, the Nevada statute's allowance for some discovery is harmonious with FRCP 56 (d). *See Wynn v. Bloom*, 218CV00609JCMGWF, 2019 WL 1983044, at *1 (D. Nev. May 2, 2019) ("This statutory authorization for some discovery [under NRS 41.660] is consistent with Rule 56(d)(2) of the Federal Rules of Civil Procedure which states that if the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may allow time to obtain affidavits or declarations, or to take discovery.")  Thus, no conflict with the federal rules exists.  Accordingly, the Ninth Circuit and Nevada district courts have routinely held that Nevada's anti-SLAPP discovery stay applies in federal court. *See e.g., Pacquiao v. Mayweather, 209-CV-2448-LRH-RJJ, 2010 WL 1439100, at *1 (D. Nev. Apr. 9, 2010) ("If a special motion is filed, the court must treat the motion as one for summary judgment and stay discovery pending a ruling on the motion.") Rebel Communications, LLC v. Virgin Valley Water Dist., 2:10-CV-0513-LRH-PAL, 2011 WL 3841340, at *1 (D. Nev. Aug. 25,* 2011; LHF *Productions, Inc. v. Does*, 848 Fed. Appx. 802, 803 (9th Cir. 2021) (citing NRS 41.660(4); *accord* FRCP 56) (holding that a district court properly denied a party's request for further discovery under NRS 41.660); *Century Sur. Co. v. Prince* , 782 F. App'x 553, 557 (9th Cir. 2019) (holding that "[t]he district court did not abuse its discretion by denying [p]laintiff the opportunity to conduct discovery" because plaintiff failed to make the requisite showing under NRS 41.660(4) and because "the special motion to dismiss

28

1    did not challenge 'the factual sufficiency' of [p]laintiff's claims, but rather challenged the fact
2    that the claims targeted good-faith communications.").

3        Here, ProCare's anti-SLAPP claim predominantly challenges the subject counterclaims
4    on legal grounds.  Specifically, that such claims are barred by the litigation privilege, the absolute
5    right privilege, and the *Colorado River* doctrine.  Like in *Century Sur. Co.*, the anti-SLAPP
6    motion points to factual deficiencies primarily to establish that OneCare failed to show that their
7    claims do not target "good-faith communications."  The district court may decide the anti-
8    SLAPP motion to dismiss without ever encroaching upon the factual sufficiency of the claims.
9    Accordingly, Nevada's anti-SLAPP discovery stay should apply in full effect here.  Additionally,
10   this stay should encompass all discovery in the action because a plain reading of the statute
11   shows that there are no exceptions or carveouts to the stay in relation to claims that are not
12   subject to dismissal through the special motion.  Thus, a complete discovery stay should be
13   issued pending resolution of the anti-SLAPP motion to dismiss.

14   **2.    Background**

15       Prior to initiating this action, ProCare filed a state court action against OneCare, amongst
16   others, seeking judicial relief on distinct issues unique from those presented here.  In their
17   counterclaims filed in this action, OneCare alleges certain claims which ProCare maintains are
18   premised upon protected communications pertaining to these actions as defined under Nevada's
19   anti-SLAPP statute.  Accordingly, in addition to an FRCP 12(b)(6) motion to dismiss (ECF 27),
20   which seeks to dismiss four of OneCare's six counterclaims, ProCare filed an Anti-SLAPP
21   Motion to Dismiss (ECF 36) seeking to dismiss three of the counterclaims under Nevada's anti-
22   SLAPP statute.  In these motions, ProCare argues that the deceptive trade practices, intentional
23   interference with contractual relationships, and defamation *per se* counterclaims are each legally
24   incognizable based on the litigation privilege, the absolute right privilege and the *Colorado River*
25   doctrine.

26       Although the parties certainly disagree on whether the communications referenced in the
27   Counterclaims are protected by Nevada's anti-SLAPP statute, a separate disagreement has arisen
28   regarding the application of Nevada's anti-SLAPP discovery stay.  Although this issue was

1    addressed in the party's briefings on the anti-SLAPP motion to dismiss, OneCare demanded that

2    this issue be brought before the Court separate and apart from the pending anti-SLAPP Motion

3    in order to address OneCare's written discovery requests and its effort to depose third-party

4    witness Amber Perelgut. *See* Discovery Propounded by OneCare attached as Exhibit 1.

5    Accordingly, it was agreed that ProCare would file a motion for protective order so that the issue

6    may be brought before the Court. *See* Email Exchange dated October 12, 2021 attached as

7    Exhibit 2.  For the reasons stated herein, this Court should apply NRS 441.660's discovery stay

8    and stay all discovery pending resolution of the anti-SLAPP motion to dismiss.

9    **3.     Discussion**

10        **A.   Nevada's Anti-SLAPP Law and the Relevant Discovery Stay**

11           Nevada's anti-SLAPP statute provides that a person "who engages in a good faith

12    communication in furtherance of the right to petition or the right to free speech in direct

13    connection with an issue of public concern is immune from any civil action for claims based

14    upon the communication" and allows s person to file a special motion to dismiss those claims at

15    the onset of proceedings *See* NRS 41.650.  The purpose of the statute is to allow litigants the

16    opportunity to expeditiously dispose of meritless claims while avoiding the substantial costs of

17    discovery. *See John v. Douglas Cty. Sch. Dist.*, 125 Nev. 746, 752, 219 P.3d 1276, 1280 (2009).

18    In furtherance of that purpose, the Nevada legislature enacted NRS 41.660 (3)(e)(1) which

19    provides that upon the filing of an anti-SLAPP motion to dismiss, the Court shall stay discovery

20    pending a ruling by the court on the motion.  The statute further provides an exception to this

21    stay, however, and states that "[u]pon a showing by a party that information necessary to meet

22    or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of another

23    party or a third party and is not reasonably available without discovery, the court shall allow

24    limited discovery for the purpose of ascertaining such information." NRS 41.660 (4).  As detailed

25    below, this exception mirrors the exception allowing for further discovery under FRCP 56 (d)(2),

26    thus, the stay does not run afoul of any Federal Rule of Civil Procedure and should apply in full

27    force here.

28

**B. <u>Unlike California's anti-SLAPP discovery stay, Nevada's discovery stay comports with FRCP 56 so, it should apply in full effect here</u>**

Despite, the clear language of NRS 41.660, OneCare contends that the discovery stay does not apply in this Court.  In support of that position, OneCare largely relies on *Metabolife Int'l, Inc.*, a decades old Ninth Circuit case which held that the California anti-SLAPP discovery stay does not apply because it directly conflicts with FRCP 56. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (holding that California anti-SLAPP discovery stay did not apply because it prohibited discovery that would have been allowed under FRCP 56 and therefore ran into direct conflict with the rule).  Unlike the California statute, however, Nevada's statute affords a party the same opportunity to circumvent the stay as FRCP 56.  Thus, there is no cognizable basis to deny application of the stay in this Court.

        *a. <u>The citation to California case law is unavailing because Nevada's anti-SLAPP stay harmonizes with FRCP 56</u>*

"Procedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50, 64 L. Ed. 2d 659, 100 S. Ct. 1978 (1980).  "In the absence of a 'direct collision,' the court must make the "typical, relatively unguided *Erie* Choice." *Hanna v. Plumer*, 380 U.S. 460, 471, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938)).  "This choice should be made by balancing the state interest in its procedural rule with the twin purposes of the *Erie* doctrine, 'discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" 380 U.S. at 468.

"In *Metabolife,* the court relied on the Supreme Court's statement that Rule 56(f) requires allowing a party to take discovery to oppose a summary judgment motion 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Price v. Stossel*, 590 F. Supp. 2d 1262, 1266 (C.D. Cal. 2008). "That statement was critical in *Metabolife* because the district court had not allowed discovery the plaintiff needed to prove the falsity of the statement made by the defendant." *Id.*  "Thus, to the extent the anti-SLAPP motion is equated with a summary judgment motion and to the extent the district court had interpreted

1    the anti-SLAPP statute as precluding discovery essential to the opposition, the discovery limiting

2    provision of the anti-SLAPP statute directly collided with Rule 56(f)." *Id.*[1]

3         Here, there is no conflict between Nevada's anti-SLAPP discovery stay and FRCP 56

4    because both allow OneCare the opportunity to conduct limited discovery by showing that

5    certain discovery is necessary in order to adequately defend against the Motion. *See Wynn v.*

6    *Bloom*, 218CV00609JCMGWF, 2019 WL 1983044, at *1 (D. Nev. May 2, 2019) ("This

7    statutory authorization for some discovery [under NRS 41.660] is consistent with Rule 56(d)(2)

8    of the Federal Rules of Civil Procedure which states that if the nonmovant shows by affidavit or

9    declaration that, for specified reasons, it cannot present facts essential to justify its opposition,

10   the court may allow time to obtain affidavits or declarations, or to take discovery.")

11        NRS 41.660 (4) provides that "[u]pon a showing by a party that information necessary

12   to meet or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of

13   another party or a third party and is not reasonably available without discovery, the court shall

14   allow limited discovery for the purpose of ascertaining such information." NRS 41.660 (4).

15   FRCP 56 (d) on the other hand provides that "[i]f a nonmovant shows by affidavit or declaration

16   that, for specified reasons, it cannot present facts essential to justify its opposition, the court

17   may…allow time to obtain affidavits or declarations or to take discovery." FRCP 56 (d); *See*

18   *also*, *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir. 1989) ("[A] plaintiff's entitlement to

19   discovery before a ruling on a motion for summary judgment is not unlimited and may be cut off

20   when the record shows that the requested discovery will not be likely to produce facts he needs

21   to withstand a summary judgment motion."); *Valley Nat. Bank v. Greenwich Ins. Co.*, 254 F.

22   Supp. 2d 448, 454 (S.D.N.Y. 2003) ("While Rule 56 does not require that any discovery take

23   place before a motion for summary judgment can be granted…it does provide the opposing party

24

25

26

_____

27   [1] Since the *Metabolife* decision, California federal courts have applied the anti-SLAPP discovery stay but use
     FRCP 56 in assessing whether additional discovery is proper. *See e.g.*, *Price v. Stossel*, 590 F. Supp. 2d 1262,
28   1266 (C.D. Cal. 2008) (holding that after *Metabolife*, the anti-SLAPP discovery stay applied in federal court but
     using the FRCP 56 in assessing a discovery request because "there can only be a conflict between Rule 56(f) and
     section 425.16(g) to the extent Rule 56(f) would allow discovery and section 425.16(g) would not.").

1    the opportunity to request more time for further discovery if it is unable to present facts essential

2    to justify its opposition.") (internal citation omitted).

3       Since NRS 41.660(4) does not prohibit any discovery which would otherwise be allowed

4    under FRCP 56, it cannot be construed as "directly conflicting." Thus, the Court must conduct

5    an *Eerie* analysis. *See Hanna v. Plumer*, 380 U.S. at 471. Such an analysis weighs heavily in

6    favor of applying the stay as its application would discourage forum shopping and avoid the

7    inequitable administration of the laws. The primary purpose of the Nevada's anti-SLAPP law is

8    to provide a party an early opportunity to defeat claims premised upon protected communications

9    without bearing the significant burdens and costs of protracted discovery and litigation. *See John*

10   *v. Douglas Cty. Sch. Dist.*, 125 Nev. at 752. If plaintiffs are given free license to overcome this

11   purpose by filing their claims in the federal forum, parties will flock to this court to file any

12   potential SLAPP claims so that they may fire salvos of substantial and burdensome discovery

13   wholly unabated by the state statutes. So, to uphold the edicts of the *Eerie* doctrine and the

14   purpose of the anti-SLAPP law, there must be stay on all discovery here.

15       *b.   Sister courts in this jurisdiction agree that NRS 41.660's discovery stay applies*

16      The majority of Nevada federal district courts have found that Nevada's anti-SLAPP

17   discovery stay applies in federal court and have required that a party seeking to attain discovery

18   file a motion explaining the specific discovery sought. *See e.g.*, *Pacquiao v. Mayweather*, 209-

19   CV-2448-LRH-RJJ, 2010 WL 1439100, at *1 (D. Nev. Apr. 9, 2010) ("If a special motion is

20   filed, the court must treat the motion as one for summary judgment and stay discovery pending

21   a ruling on the motion.");[2] *Wynn*, 2019 WL 1983044 at *1 (finding NRS 41.660's discovery

22   stay consistent with NRCP 56(d)(2)); *Rebel Communications, LLC v. Virgin Valley Water Dist.*,

23   2:10-CV-0513-LRH-PAL, 2011 WL 3841340, at *1 (D. Nev. Aug. 25, 2011) ("Limited

24   discovery is permitted when the plaintiff has 'identified and requested discovery of probative

25   information solely available from the defendants.'").

26

27        _____

28   [2] OneCare counsel's firm represented one of the defendants in the *Pacquiao v. Mayweather* matter, so
     they should at least be aware that courts in this district uphold Nevada's anti-SLAPP discovery stay.

1    Likewise, the Ninth Circuit, as recently as this year, upheld a district court's granting of

2    an anti-SLAPP motion and further cited to NRS 41.660(4) in holding that "[t]he district court

3    also properly denied leave for further discovery, as [counterclaimant] made no showing of

4    essential facts that [counterdefendant] possessed that could salvage his abuse of process claim."

5    *See LHF Productions, Inc.*, 848 Fed. Appx. At 803 (citing NRS 41.660(4); *accord* FRCP 56);

6    *see also*, *Century Sur. Co.*, 782 F. App'x at 557 (holding that "[t]he district court did not abuse

7    its discretion by denying [p]laintiff the opportunity to conduct discovery" because plaintiff failed

8    to make the requisite showing under NRS 41.660(4) and "the special motion to dismiss did not

9    challenge 'the factual sufficiency' of [p]laintiff's claims, but rather challenged the fact that the

10    claims targeted good-faith communications.").

11    Notably, in an earlier decision in *LHF Productions, Inc. supra*, this Court denied a

12    stipulation by the parties to stay discovery pending resolution of an anti-SLAPP motion because

13    "the stipulation provide[d] no explanation why the court should" apply a discovery stay

14    grounded in state law. *See LHF Prods. v. Kabala*, 2:16-cv-02028-JAD-NJK, ECF 144 at 1-2 (D.

15    Nev. 2018).  The Court further noted that "even assuming the automatic stay provision applies

16    generally, that provision is designed to apply at the beginning of a case before discovery is in

17    full swing" and in that in this instance the counterclaimant "filed an abuse of process

18    counterclaim 14 months ago…As such, discovery has been ongoing for some time and should

19    be in its final stage." *Id*.  "The stipulation fails to explain why the Court should stay discovery

20    at this late date, when a stay was not sought previously, and the parties instead proceeded with

21    discovery." *Id*.

22    This holding is not availing here because in that instance this Court was not offered any

23    analysis of Nevada's anti-SLAPP statue and why the stay should apply.  Here, the Court is being

24    provided full briefing on the issue by the parties.  Moreover, this anti-SLAPP motion is filed at

25    the onset of litigation and the parties have not already undergone significant discovery.  So, this

26    concern is also not present.  Given the briefing here and the Ninth Circuit's recent holding in

27    that very case upholding the district court's decision to disallow further discovery based on NRS

28

41.660(4), it is sufficiently established that Nevada's anti-SLAPP discovery stay should apply.[3] Moreover, as detailed above the crux of the anti-SLAPP motion challenges the legal sufficiency of the counterclaims so, it is likely that no amount of discovery will salvage the counterclaims. In sum the majority of Nevada precedent recognizes the applicability of Nevada's anti-SLAPP discovery stay and there is no reason why this Court should stray from that precedent here.  Thus, a stay should be imposed on all discovery at this time.

**C.  <u>The discovery stay should apply to all discovery because the Nevada anti-SLAPP statute does not limit the scope of the discovery stay</u>**

As detailed above, Nevada's anti-SLAPP discovery stay should undividedly apply. Under the statute, all discovery is stayed pending resolution of an anti-SLAPP motion, and there is no carve-out for discovery pertaining to claims that are not subject to the anti-SLAPP motion. *See* NRS 41.660(4).  Looking beyond the plain meaning of the statute to construe any exceptions or carveouts would be improper. *See Krave Entm't, LLC v. Liberty Mut. Ins. Co.*, 667 F. Supp. 2d 1232, 1234 (D. Nev. 2009) ("Where a statute is clear on its face, a court may not go beyond the language of the statute in determining the legislature's intent.").  Accordingly, all discovery should be stayed under NRS 41.660(4) until the anti-SLAPP motion is decided.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] In other cases, courts have stayed discovery pending resolution of an anti-SLAPP motion upon the request of party, although these Courts did not directly analyze Nevada's discovery stay provision.  *See e.g.*, *Shahrokhi v. Harter*, 2020 U.S. Dist. LEXIS 231230, at *2 (D. Nev. 2020) (Koppe, J.) (granting a motion to stay discovery pending resolution of anti-SLAPP motion); *Smith v. Craig*, 2019 U.S. Dist. LEXIS 168416, at *3 (D. Nev. 2019).

### 4.    Conclusion

NRS 41.660 is consistent with FRCP 56 (d).  Under the *Eerie* doctrine, the discovery stay should be imposed in order to preserve the central purpose of Nevada's anti-SLAPP statute and deter forum shopping amongst litigants filing potential SLAPP claims.  Moreover, all discovery should be stayed because a plain reading of NRS 41.660 (4) shows that there is no exception to the stay for claims which fall outside of the scope of the anti-SLAPP motion.  Accordingly, the instant motion for protective order should be granted and a stay should be placed on all discovery pending resolution of the anti-SLAPP motion.

DATED this 20th day of October, 2021.

HUTCHISON & STEFFEN, PLLC

*/s/ Patricia Lee*

_____

Patricia Lee (8287)
Joseph R. Ganley (5643)
David M. Doto (11796)
Ramez Ghally (15225)
Peccole Professional Park
10080 W. Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorney for ProCare Hospice of Nevada, LLC*

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

3      I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this

4 20th day of October, 2021, I caused a copy of **MOTION FOR PROTECTIVE ORDER** to be

5 electronically filed with the Clerk of the Court using the CM/ECF system, which will send

6 notification of such filing to all counsel of record.

7

8                                          */s/ Heather Bennett*

9                                          _____
                                           An employee of Hutchison & Steffen, PLLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28