MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: tratosm@gtlaw.com
rabeb@gtlaw.com

*Attorneys for Defendants/Counterclaimants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PROCARE HOSPICE OF NEVADA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br>v.<br><br>ONECARE HOSPICE, LLC, a Nevada limited liability company; ONECARE HEALTH SERVICES, LLC, a Nevada limited liability company; ONECARE HOME HEALTHCARE, LLC, a Nevada limited liability company; and DOES 1-10; and ROE CORPORATIONS 1-10, inclusive,<br><br>Defendants.| Case No.: 2:21-CV-00417-APG-NJK<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**AND**<br><br>**COUNTERMOTION TO COMPEL DISCOVERY** |
| ONECARE HOSPICE, LLC, a Nevada limited liability company; ONECARE HEALTH SERVICES, LLC, a Nevada limited liability company; ONECARE HOME HEALTHCARE, LLC, a Nevada limited liability company,<br><br>Counterclaimants,<br>v.<br><br>PROCARE HOSPICE OF NEVADA, LLC, a Nevada limited liability company,<br><br>Counterdefendant. | |

COME NOW, Defendants OneCare Hospice LLC, OneCare Health Services, LLC, and OneCare Home Healthcare, LLC ("OneCare'), by and through their counsel, Greenberg Traurig,

1

*ACTIVE 61015021v2*

LLP, and hereby file their Response in Opposition to Plaintiff's Motion for Protective Order (ECF No. 43) and Countermotion to Compel Discovery.

This Motion is based on the pleadings and papers on file herein, the exhibits attached hereto, and any oral argument that the Court may entertain at a hearing on this matter.

DATED this 3rd day of November, 2021.

**GREENBERG TRAURIG, LLP**


   /s/ Bethany L. Rabe
MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

*Attorneys for Defendants/Counterclaimants*

**FED. R. CIV. P. 37(A) AND LOCAL RULE IA 1-3 CERTIFICATION**

Counsel for OneCare has conferred with counsel for Plaintiff in a good faith in an attempt to resolve or narrow the discovery disputes raised in this motion without the need for Court intervention. After personal consultation and a sincere effort to do so, counsel have been unable to resolve or narrow the dispute without court action, necessitating the instant motion. *See* Declaration of Bethany L. Rabe ("Rabe Decl."), attached hereto as **Exhibit A**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The scope of this discovery dispute is limited: can Plaintiff ProCare Hospice of Nevada, LLC ("ProCare") refuse to engage in discovery merely because it has filed an anti-SLAPP motion seeking to strike three of the twelve claims at issue in this lawsuit? Ninth Circuit law and decisions of this Court are clear: it cannot. As with any potentially dispositive motion in federal court, the mere filing of the motion does not result in an automatic stay of discovery. This is so notwithstanding the Nevada anti-SLAPP statute's automatic stay provision, because that provision does not apply in federal court. If ProCare believes a stay is warranted, it must move for one.

2

Additionally, ProCare's position that it must provide *no discovery at all* while its motion is pending is especially unreasonable where ProCare's motion addresses only three of the twelve claims and counterclaims in this action. There is no reason why discovery as to the remaining nine claims cannot proceed.

This Court should deny ProCare's motion for protective order. Further, this Court should order ProCare to respond to OneCare's written discovery, clarify that the parties may proceed with depositions and other discovery, and award OneCare its expenses associated with this opposition and countermotion. In the alternative, if the Court agrees with ProCare that the automatic discovery stay applies, this Court should (1) order that the stay is inapplicable to the claims not addressed by the anti-SLAPP motion, and (2) permit "limited discovery" into the claims addressed by the anti-SLAPP motion pursuant to NRS 41.660(4).

## II.  BACKGROUND

On April 27, 2021, ProCare filed the operative complaint against the OneCare defendants alleging trademark infringement and other causes of action.[1] *See* ECF No. 22. ProCare alleges that in 2020, the OneCare defendants adopted the ONECARE mark, its "tree" logo, and tagline "Partners in Hope" in cooperation with a former ProCare principal with an intent to confuse consumers. *Id*. As outlined in the OneCare defendants' answer and counterclaims, none of this is true. The name "OneCare" was conceived in 2016, its tagline had been in use with another entity for years, and OneCare's logo is not a tree, but a human figure standing in front of a stylized sun (even if it were a tree, ProCare does not "own" the idea of using a tree logo – dozens of hospice companies use a stylized tree in their logo, as it is a common symbol in the hospice industry). *See* ECF No. 24. Moreover, the former ProCare principal, Amber Perelgut, did not work with OneCare's operator to develop or assist in developing the OneCare name, logo, or trademark, nor does she have any business relationship with Mr. Lopez or OneCare, as both she and Mr. Lopez have now sworn under oath. *See* ECF No. 41-1 (Declaration of Eduardo Lopez); ECF No. 41-2 (Declaration of Amber Perelgut). In reality, this

---

[1] ProCare had filed its original complaint on March 12, 2021. The amended complaint simply removed one of the defendants.

borderline-frivolous federal lawsuit was filed in an attempt to provide additional leverage in the ongoing state court litigation between the parties.

On June 23, 2021, the OneCare defendants served a first round of written discovery on ProCare, and responses should have been due by July 23, 2021. *See* **Exhibit A** Rabe Decl., at ¶ 5. Counsel for ProCare timely served responses to the requests for admissions, but requested a two-week extension to August 6, 2021 to respond to the remaining discovery requests while the parties considered settlement. *Id*. at ¶ 6. Counsel for OneCare agreed. *Id*.

Thereafter, on July 26, 2021, ProCare filed an anti-SLAPP motion to dismiss seeking to dismiss three of OneCare's counterclaims. *See* ECF No. 36. ProCare took the position that all discovery was stayed pursuant to Nevada's anti-SLAPP statute. *See* ECF No. 36; **Exhibit A**, Rabe Decl., at ¶ 7; **Exhibit B**, Email string between counsel from July 2021.[2] OneCare sent a detailed letter with case authority outlining its position regarding the alleged discovery stay: that there wasn't one. *See* **Exhibit C**, Letter dated July 30, 2021.

Thereafter, on or about August 2, 2021, a settlement discussion took place between state court counsel for the parties. Following that discussion, OneCare requested a three-week extension of time to respond to the anti-SLAPP motion. *See* **Exhibit A**, Rabe Decl., at ¶ 8. ProCare was willing to extend OneCare's time to respond, provided that if the parties did not settle, then ProCare would need "a couple of weeks" to address the outstanding discovery "by motion practice or otherwise." *See* **Exhibit D**, Email string between counsel from August 2021. OneCare agreed, and vacated the deposition of Amber Perelgut, which was set for August 12, 2021. *Id*. The Court entered a stipulation and order extending OneCare's time to respond until August 30, 2021. *See* ECF No. 40.

Unfortunately, the parties did not reach a settlement. On August 27, 2021, counsel for OneCare apprised counsel that given that the settlement had not worked out, discovery would be due from ProCare two weeks from August 30, which was September 13, 2021. *See* **Exhibit A**, Rabe Decl., at ¶ 11; **Exhibit D**, email string between counsel from August 2021. OneCare timely filed its opposition to the anti-SLAPP motion on August 30, 2021, again laying out the reasons

---

[2] Portions redacted to eliminate settlement-related content.

4

that discovery was not automatically stayed, and requesting the opportunity to pursue limited discovery under the statute before resolution of the anti-SLAPP motion. *See* ECF No. 41.

On September 13, 2021, ProCare served non-substantive discovery responses, objecting to each request with the following language:

> Objection. Plaintiff filed a special anti-SLAPP Motion to Dismiss with the Court on July 26, 2021 as Document number 36 (the "Motion"). As argued in the Motion, upon the filing of the motion, all discovery must be stayed. See NRS 41.660(3)(e)(1). While the stay is in effect, a party may only conduct discovery upon a showing that "information necessary to meet or oppose the [anti-SLAPP motion] is in the possession of another party or a third party and is not reasonably available without discovery." *See* NRS 41.660(4). Upon such a showing, "the court shall allow limited discovery for the purpose of ascertaining such information." *Id.* Since Defendants have not offered or made any such showing, and because the matter is ultimately before the Court via the Motion, Plaintiff continues to maintain that discovery is presently stayed and therefore no response is due at this time. Plaintiff reserves all rights relative to its position as well as any and all objections that may be later asserted in response to this request.

*See* **Exhibit E**, ProCare's Discovery Responses. The next day, OneCare's counsel wrote to ProCare's counsel, attached a prior order of this Court that addressed the same issue, and stated as follows:

> …as to the purported stay of discovery (and the discovery responses we received yesterday that simply object on the basis of the purported stay), I think both of our respective positions are well-known at this point. I will again reiterate that (1) we do not believe there is any stay in place unless you move for one and the Court grants it, as with any potentially-dispositive motion, and (2) even if there were some kind of stay, it would not apply to discovery relating to your client's own claims or the counterclaims that you did not move to dismiss in your anti-SLAPP motion, and as such would not excuse your client's failure to respond to the discovery aimed at any of those claims. Although I've referenced it before, I am attaching a prior order of Judge Koppe's addressing this issue. We believe caselaw is sufficiently clear on this point that your clients' conduct in refusing to respond to proper discovery will not be countenanced and may result in attorneys' fees awarded against your client if we have to move the Court to compel your client's responses. Please advise your availability for a meet and confer so that we can make an attempt at discussing your client's deficient discovery responses prior to motion practice. We are generally available tomorrow (Wednesday [September 15]) between 9 and 11 and 12 and 2.

///

ACTIVE 61015021v2

*See* **Exhibit F**, September 14, 2021 email with attachment. The parties met and conferred on September 22. *See* **Exhibit A**, Rabe Decl., at ¶ 14. The parties agreed to disagree and determined that the issue would have to be resolved by the Court. *Id*. Counsel for ProCare stated that she would file a motion the following week that would put the issue before the Court. *Id*. After several weeks with no motion filed, counsel for OneCare reached out to follow up, and stated that OneCare would file a motion to compel discovery to get the issue before the Court if ProCare was not planning to file their motion by the end of the week. *See* Plaintiff's Exhibit 2.

ProCare filed its motion for protective order on October 20, 2021. As laid out herein, this Court should deny the motion, and instead grant OneCare's countermotion to compel discovery.

## III.   ARGUMENT

### A.   ProCare's Motion Should be Denied Because the Filing of an Anti-SLAPP Motion Does Not Automatically Stay Discovery in Federal Court.[3]

The parties generally agree that Nevada's anti-SLAPP statute provides for a special motion to dismiss meritless speech-chilling claims, and that courts undertake a two-step analysis in determining whether claims are subject to Nevada's anti-SLAPP statute. *See* Nev. Rev. Stat. § 41.660(3). A court first determines whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to free speech in direct connection with an issue of public concern. *Id*. § 41.660(3)(a). If the moving party fails to meet its burden at this first step, the motion fails and the claims proceed to litigation. If the moving party meets its burden, then the court evaluates the second step: the non-moving party must show "with prima facie evidence a probability of prevailing on the claim." *Id*. § 41.660(3)(a). The Nevada statute contains various procedural provisions, such as a 60-day deadline to file the motion, an automatic stay of discovery, and an expedited deadline for the Court to rule on the motion. *See* NRS 41.660.

---

[3] In addition to the substantive arguments laid out herein, this Court cannot grant ProCare's motion for protective order because ProCare did not comply with the local rules. Local Rule 26-6 provides that discovery motions "will not be considered unless the movant…includes a declaration setting forth the details and results of the meet-and-confer conference…" *See* LR 26-6. No such declaration was attached to ProCare's motion, and as such the motion cannot be considered. Nevertheless, OneCare respectfully asks the Court to provide a ruling in response to OneCare's countermotion so that this issue may be resolved.

The Ninth Circuit has determined that the certain procedural aspects of the anti-SLAPP statute do not apply in federal court, lest they clash with the Federal Rules of Civil Procedure. For example, the Ninth Circuit has held that the sixty-day statutory deadline for filing an anti-SLAPP motion does not apply, the automatic stay of discovery does not apply, and leave to amend must be granted where appropriate under the federal standard for liberal amendment. *See, e.g.*, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (the 60-day deadline for filing motion under California statute does not apply; the automatic stay of discovery under California statute does not apply); *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) ("granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment"). Likewise, the Ninth Circuit has clarified that in the second step of the anti-SLAPP analysis, anti-SLAPP motions will be treated as motions under Rule 12(b)(6) or Rule 56 for the purpose of evaluating the non-moving party's burden, depending on the basis of the motion. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

### 1.  Discovery is Not Stayed Unless ProCare Obtains an Order From the Court Staying Discovery.

ProCare has refused to provide substantive responses to discovery, claiming that discovery is automatically stayed pending the disposition of its anti-SLAPP motion. However, ProCare is incorrect. In *Metabolife*, the Ninth Circuit specifically stated that "because the discovery-limiting aspects of §§ 425.16(f) and (g) 'collide with the discovery-allowing aspects of Rule 56, these aspects of subsections 425.16(f) and (g) cannot apply in federal court.'" *See Metabolife*, 264 F.3d 832, 846.[4] The Ninth Circuit recently reiterated *Metabolife*'s holding in *Planned Parenthood*, 890 F.3d 828, 833 ("The *Metabolife* court concluded that an automatic stay on discovery would conflict with Federal Rule of Civil Procedure 56, and was inapplicable in federal court.")

---

[4] California's 425.16(g) is analogous to Nevada's provision providing for a stay of discovery, as both automatically stay discovery upon the filing of an anti-SLAPP motion.

ACTIVE 61015021v2

          *a)*      *ProCare's Perfunctory Efforts to Distinguish California's Anti-SLAPP Law From Nevada's are Unavailing.*

Perhaps recognizing that the Ninth Circuit case law is clear, ProCare argues that Nevada's statute is distinguishable from California's statute on this issue. However, ProCare never explains how the two statutes are different. Indeed, the two statutes have no meaningful distinctions on the discovery-related provisions, and as such there is no reason why the Ninth Circuit's holdings with respect to the California statute would not have equal weight when applied to Nevada's statute.

          i)      <u>Nevada and California's statutes have similar structure and content</u>.

California's anti-SLAPP law and Nevada's anti-SLAPP law have similar structure and content. Both provide for a 60-day deadline to file the motion, an automatic stay of discovery upon filing, an expedited procedure for resolution of the motion, and an interlocutory appeal upon denial. *See generally* Cal. Civ. P. 425.16; NRS 41.660. As relevant here, California and Nevada have nearly identical procedures regarding discovery. California's statute provides that "[a]ll discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision." *See* Cal. Civ. P. 425.16(g). Nevada's statute provides that upon filing of a motion, a court "shall...stay discovery pending: (1) a ruling by the court on the motion; and (2) the disposition of any appeal from the ruling on the motion," but that "[u]pon a showing by a party information necessary to meet or oppose the burden [in step two of the analysis] is in the possession of another party or a third party and is not reasonably available without discovery, the court shall allow limited discovery for the purpose of ascertaining such information." *See* NRS 41.660(3), (4).

There is no meaningful distinction between these two provisions. This is not surprising: Nevada's statute is similar to California's, and Courts frequently look to California law in interpreting it. *See Shapiro v. Welt*, 389 P.3d 262, 268 (Nev. 2017). Indeed, the most recent version of Nevada's statute, adopted in 2015, explicitly instructs courts to look to California law

ACTIVE 61015021v2

in addressing prong two of the analysis.  *See* NRS 41.665 ("…the Legislature intends that…the plaintiff must meet the same burden of proof that a plaintiff has been required to meet pursuant to California's anti-[SLAPP] law as of June 8, 2015."). Further, the Ninth Circuit's statement in Planned Parenthood that "The *Metabolife* court concluded that an automatic stay on discovery would conflict with Federal Rule of Civil Procedure 56, and was inapplicable in federal court" was a general statement, not necessarily specific to California's anti-SLAPP statute.

       ii) <u>Nevada's statutory provision requiring an automatic stay conflicts with federal law</u>.

Even looking directly at Nevada's statute, it is clear that the same conflicts arise: the Nevada statute provides for an automatic stay of discovery upon filing of an anti-SLAPP motion, with the plaintiff then forced to demonstrate "with prima facie evidence a probability of prevailing on the claim" without the benefit of discovery (unless the plaintiff can demonstrate that certain limited discovery is warranted).  *See* NRS 41.660.  But "[r]equiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure. That result would effectively allow the state anti-SLAPP rules to usurp the federal rules." *See Planned Parenthood*, 890 F.3d 828, 834.  Accordingly, the Ninth Circuit has held that "discovery **must** be allowed" if the anti-SLAPP motion challenges the factual sufficiency of the claim (if only the legal sufficiency of the claim is challenged, discovery is not mandated, but then the non-moving party need not present evidence).  *Id.* at 834 (emphasis added).

Here, ProCare's anti-SLAPP motion did not make clear whether it challenges the factual or legal sufficiency of the claim, but even if it challenges the legal sufficiency of the claim such that discovery is not <u>required</u> before a ruling on the anti-SLAPP motion, the stay is not automatic. There are already well-established rules governing a stay of discovery in federal court: if a party who has filed a dispositive motion believes that discovery should be stayed pending the disposition of that motion, the party must move for a stay.  Then, the district court performs the three-factor *Tradebay* analysis to determine whether discovery – or some portion thereof – should be stayed,

9

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr., Suite 600
Las Vegas, NV 89135

including by looking at the merits of the potentially dispositive motion. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600-01 (D. Nev. 2011). A stay requires that the party seeking a stay must meet a "heavy burden" of making a "strong showing" as to why discovery should not proceed. *Id*. In federal court, litigants have the right to commence and continue discovery without leave of court. *See generally* Fed. R. Civ. P. 26 (unless otherwise limited by court order, parties may obtain discovery beginning after the 26(f) conference). The Nevada anti-SLAPP statute's automatic stay provision turns all of this on its head: it requires that discovery cease upon filing of the motion and then requires the non-moving party to justify the need for discovery. This directly conflicts with the established federal court procedure.

No *Erie* analysis is required here, as the Ninth Circuit has already held that an automatic stay of discovery under a nearly identical statute would collide with the federal rules, and an analysis of the Nevada statute compared with federal procedure reveals a direct conflict. However, even if this Court considers it, Plaintiff's *Erie* argument is unavailing. Plaintiff presents no evidence that plaintiffs "flock" to the federal courts to file potential SLAPP claims so that they may take "substantial and burdensome discovery wholly unabated by the state statutes," nor is that a plausible concern given the jurisdictional restrictions on federal court cases. *See* Motion, at 7. Indeed, some federal courts have held that anti-SLAPP statutes do not apply at all in federal court, and there is currently a circuit split on this issue. If forum shopping poses a problem, the solution is legislative – i.e., a federal anti-SLAPP statute – not jurisprudential gymnastics.

Importantly, the only reason that this case is before the federal court is because Plaintiff put it there. It was Plaintiff who sued OneCare, and as such, the policy concern behind allowing discovery – that if costly discovery is not stayed, the speech-chilling litigant could still succeed in forcing the defendant to spend a lot of money – has no applicability here. Plaintiff is being subjected to discovery because it chose to file a lawsuit, and discovery is part of litigation. If it did not want to participate in discovery, it should have thought that through before choosing to sue OneCare.

/ / /

/ / /

                      **b)**      *ProCare's "Sister Courts" Argument is Unavailing Where Sister Courts Have Required That an Anti-SLAPP Plaintiff File a Motion to Stay Discovery.*

ProCare next argues that sister courts in this jurisdiction "agree" that NRS 41.660's discovery stay applies. ProCare is incorrect. The confusion stems from the fact that federal courts have grappled with two distinct discovery-related issues involving anti-SLAPP statutes. First, whether the filing of an anti-SLAPP motion <u>automatically</u> stays discovery immediately upon filing of the motion, and second, under what circumstances "limited discovery" must be allowed before ruling on the motion. ProCare does not adequately distinguish the two in its "sister courts" argument.

It is true that the cases Plaintiff cites recite language about discovery being stayed pending a ruling on an anti-SLAPP motion, but none of those cases analyze the issue of whether the stay is automatic. Instead, these cases appear to involve situations where the party against whom the anti-SLAPP motion was brought decided to bring a motion requesting discovery, so the issue of whether discovery is automatically stayed in federal court was not directly before the courts in those instances. *See Wynn v. Bloom*, 2019 U.S. Dist. LEXIS 75439 (D. Nev. 2019) (the plaintiff filed a motion for discovery to respond to the anti-SLAPP motion); *Rebel Communs., LLC v. Virgin Valley Water Dist.*, 2011 U.S. Dist. LEXIS 96273 (D. Nev. 2011) (same); *Pacquiao v. Mayweather*, 2010 U.S. Dist. LEXIS 46720, *2 (D. Nev. 2011) (the plaintiff filed a motion for limited discovery in opposition to an anti-SLAPP motion).

The unpublished Ninth Circuit decision that Plaintiff cites, *LHF Prods. v. Does*, does not help Plaintiff either: although that order upheld the district court's decision not to permit further discovery in that case (given that the party opposing the motion could not show what additional discovery it needed to prove its claim), the decision says nothing of whether discovery was automatically stayed pending the disposition of the anti-SLAPP motion to dismiss. *See* 848 Fed. Appx. 802, 802 (9th Cir. 2021) (unpublished disposition). Indeed, as Plaintiff points out, in an earlier decision in that case, this Court explained that discovery would <u>not</u> be stayed pending the disposition of the anti-SLAPP motion to dismiss. *See LHF Prods. v. Kabala*, 2:16-cv-02028-JAD-NJK, ECF No. 144 (May 8, 2018). In that case, this Court held unequivocally that the filing of an anti-SLAPP motion did <u>not</u> stay discovery:

> The mere invocation of this state statute does not persuade the Court that discovery should be delayed. First, even when federal courts apply state anti-SLAPP laws, such application does not necessarily bind federal courts to apply all of the procedures subsumed within that state law: "district courts are cautioned that where procedural state laws would conflict with the Federal Rules of Civil Procedure, they should not be used; federal courts therefore refuse to apply some of the discovery-limiting provisions of the anti-SLAPP statute." It is well-settled in this District that the mere filing of a dispositive motion does not stay discovery and that Rules 1 and 26 of the Federal Rules of Civil Procedure instead dictate that discovery should proceed absent a strong showing that circumstances exist for such a stay. The stipulation provides no explanation why the Court should depart from this well-settled authority grounded in the Federal Rules of Civil Procedure and should instead apply an automatic stay provision grounded in state law.

*Id*. at 1-2 (case authority and footnote omitted). As such, the court *may* stay discovery upon a showing by the movant that such a stay is warranted in light of various factors, *see Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600-01, but a stay is not automatic. A number of federal courts in Nevada have followed this procedure when it comes to evaluating a stay following an anti-SLAPP motion to dismiss. *See Shahrokhi v. Harter*, 2020 U.S. Dist. LEXIS 231230, at *2 (D. Nev. 2020) (granting motion to stay pending resolution of anti-SLAPP motion pursuant to *Tradebay*) (Koppe, J.); *Smith v. Craig*, 2019 U.S. Dist. LEXIS 168416, at *3 (D. Nev. 2019) (same).

Other courts within the Ninth Circuit have applied this reasoning as well. *See Gallagher v. Phillips*, 2021 U.S. Dist. LEXIS 77569 *3 (S.D. Cal. 2021) (noting court's prior holding that the automatic stay is inapplicable, but granting unopposed motion to stay discovery in its discretion); *Iglesia Ni Cristo v. Cayabyab*, 2019 U.S. Dist. LEXIS 38846, at *8 (N.D. Cal. 2019) (noting that where no one had moved for a stay of discovery, discovery was not stayed, because there is no discovery stay in federal court when an anti-SLAPP motion is pending); *aPriori Techs., Inc. v. Broquard*, 2017 U.S. Dist. LEXIS 215267, *10 (C.D. Cal. 2017) (party's refusal to answer written discovery based on anti-SLAPP motion is without merit where the anti-SLAPP statute's limits on discovery do not apply in federal court); *Mireskandari v. Daily Mail*, 2013 U.S. Dist. LEXIS 199145 *7-8 (C.D. Cal. 2013) ("The automatic stay mechanism of the anti-SLAPP statute does not apply in federal court because it conflicts with the Federal Rules of Civil Procedure," but granting stay of discovery in its discretion); *AR Pillow Inc. v. Maxwell Payton, LLC*, 2012 U.S.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr., Suite 600
Las Vegas, NV 89135

Dist. LEXIS 172015 *10 (W.D. Wash. 2012) ("the Ninth Circuit's holding that the automatic stay of discovery in California's statute does not apply in federal court applies equally to the [Washington anti-SLAPP statute]").

If ProCare wanted a stay of discovery, it should have moved for a stay of discovery and allowed the Court to evaluate the propriety of such a stay under the traditional *Tradebay* analysis.

**2.  A Stay is Not Appropriate as to the Claims and Counterclaims Not Subject to the Anti-SLAPP Statute**.

Even if some type of stay was warranted, a stay of <u>all</u> discovery is not warranted. *See, e.g.*, *Ramachandran v. City of Los Altos*, 2019 U.S. Dist. LEXIS 24541 *2-4 (N.D. Cal. 2019) (rejecting party's position that he need not serve discovery responses to requests directed at federal claims because all discovery was stayed as of the filing of an anti-SLAPP motion); *LHF Prods.*, 2:16-cv-02028-JAD-NJK, ECF No. 145, at 2-3 (rejecting stipulation to stay discovery where "[t]he parties do not explain why it would be efficient or appropriate to stay all discovery based on the anti-SLAPP law when LHF's anti-SLAPP motion does not impact all of Kabala's counterclaims."); *see generally Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 2020 U.S. Dist. LEXIS 12050, *2 (D. Or. 2020) (allowing discovery to proceed into federal claim despite interlocutory appeal of denial of anti-SLAPP motion, where the federal claim would proceed regardless of what happened to the state claims).

Here, a stay of <u>all</u> discovery would not be proper where ProCare has six of its own claims and ProCare has moved to dismiss only three of OneCare's six counterclaims. There is no logic in delaying discovery as to claims that are going to proceed regardless of the outcome of ProCare's motion. Indeed, taking a step back and looking at the policy behind anti-SLAPP statutes, such statutes are meant to prevent speech-chilling litigation. Typically, that means a meritless lawsuit filed to suppress speech by driving up litigation costs for the defendant in hopes that the defendant will give up on doing the thing that the plaintiff doesn't like, i.e., petitioning the government or criticizing the plaintiff in a public forum. The argument in favor of a discovery stay is that if costly discovery is permitted to proceed, the speech-chiller could still succeed in forcing the defendant to spend a lot of money while the motion is pending.

Again, these policy considerations have no applicability here. As noted above, it was *ProCare* that chose to file this lawsuit against OneCare. While OneCare responded with counterclaims, the anti-SLAPP motion addresses only three of those counterclaims. Further, ProCare is not moving to strike its own claims. It would make no sense to stay discovery as to claims that are going to proceed regardless of the outcome of ProCare's motion. In other words, of the <u>twelve</u> claims at issue in this case, only <u>three</u> are potentially subject to dismissal pursuant to ProCare's motion to strike. ProCare should be compelled to provide responses to the written discovery, and this Court should issue an order clarifying that discovery is not stayed at this time.

### 3. Even if Some Type of Stay of Discovery was Warranted as to the Claims Subject to the Anti-SLAPP motion, this Court Should Order "Limited Discovery" as to Those Claims.

Further, even if this Court finds that some type of discovery stay is warranted as to the claims that are subject to ProCare's anti-SLAPP motion, this Court should order that OneCare be permitted to engage in "limited discovery" on those claims pursuant to NRS 41.660, as outlined in its opposition to ProCare's anti-SLAPP motion (ECF No. 41). Specifically:

- OneCare is informed and believes that in early 2021, Kim Anderson, then-COO of ProCare, disparaged OneCare to a particular P.A. by stating that OneCare provided terrible, unsafe and/or reckless care, copied ProCare's business model, stole employees and trade secrets, and that this P.A. (a referral source) should not use OneCare. *See* Exhibit A to ECF No. 41, Lopez Decl, at ¶ 22. Discovery is necessary to determine what specifically was said to this individual, and whether any potential referrals were impacted. OneCare is informed and believes that similar statements have been made to other individuals.

- OneCare is informed and believes that in early 2021, ProCare's principals sent an email to ProCare employees, contractors, and potentially others affiliated with ProCare containing numerous defamatory and disparaging statements about OneCare. *See* Exhibit A to ECF No. 41, Lopez Decl, at ¶¶ 17-8. Discovery is necessary to determine who the recipients of this email were, their relationship to ProCare and other organizations, whether the recipients were encouraged to or did republish this email or its contents, and whether recipients of the email (in particular those who also worked at other organizations) were influenced by its false and defamatory statements.

- OneCare is informed and believes that representatives of ProCare contacted certain OneCare employees not subject to noncompete agreements and made baseless threats that they would be sued if they did not quit working at OneCare. *See* Exhibit A to ECF No. 41, Lopez Decl, at ¶ 19. Discovery is necessary to determine who made these statements, how many OneCare employees were contacted, and whether litigation was seriously contemplated at the time the statements were made.

/ / /

ACTIVE 61015021v2

- OneCare is informed and believes that Roberta Walski, a ProCare principal, contacted Mr. Lopez's ex-business partner to disparage and defame OneCare and seek her cooperation in "joining forces to bring down OneCare." *See* Exhibit A to ECF No. 41, Lopez Decl, at ¶ 20. Discovery is necessary to determine what was said during this conversation.

- OneCare is informed and believes that in May of 2021, Mark Birnbaum, acting on behalf of ProCare, went to at least one business event in Pahrump and made disparaging and defamatory statements about Mr. Lopez and OneCare to multiple people. *See* Exhibit B to ECF No. 41, Perelgut Decl., at ¶ 16. Discovery is necessary to ascertain the contents of these statements, their recipients, and any effects.

- Discovery is necessary to obtain evidence that ProCare's principals knew that the statements were false when they made them, or acted at least negligently or with reckless disregard as to their truth or falsity.

- Given ProCare's pattern of disparaging and defamatory statements about OneCare, discovery is necessary to determine what other defamatory or disparaging statements have been made to third parties, and resulting damages.

Again, this Court should hold that (1) there is no automatic stay of discovery, and no stay is justified here, and (2) any stay pertains to claims affected by the anti-SLAPP motion only. However, if this Court holds that some kind of partial stay is appropriate, this Court should still allow "limited discovery" on the issues above so that OneCare may fully oppose the anti-SLAPP motion.

### B.      This Court Should Award OneCare its Fees and Costs Associated With Its Countermotion to Compel.

This Court should award OneCare its fees and costs associated with its countermotion to compel. Rule 37 provides, in relevant part, that if a discovery motion is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). These fees "must" be awarded unless the opposing party's position was substantially justified, or other circumstances make an award of expenses unjust." *Id*.

Here, ProCare's position is not substantially justified, and there are no circumstances that make the award of expenses unjust. Indeed, OneCare provided significant case authority – including an order of this Court – supporting its position prior to bringing this motion. As such, this Court should order ProCare to pay the reasonable attorneys' fees and costs associated with

15

this countermotion to compel. OneCare further requests that the Court issue a briefing schedule under which OneCare shall file a memorandum of fees and costs and supporting evidence, providing ProCare with an opportunity to respond and OneCare an opportunity to reply. *See, e.g.*, *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 U.S. Dist. LEXIS 14786, *8-9 (D. Nev. 2013) (awarding monetary sanctions under Rule 37 and ordering the parties to brief the amount per a schedule).

### IV.  CONCLUSION

In light of the foregoing, this Court should DENY ProCare's motion for protective order. Further, this Court should GRANT OneCare's countermotion to compel discovery, clarify that further discovery may proceed, and award OneCare its fees and costs associated with the countermotion to compel.

DATED this 3rd day of November, 2021.

**GREENBERG TRAURIG, LLP**

  /s/ Bethany L. Rabe
MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

*Attorneys for Defendants/Counterclaimants*

ACTIVE 61015021v2

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 3rd day of November, 2021, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                        */s/ Andrea Flintz*
                              An employee of Greenberg Traurig, LLP

*ACTIVE 61015021v2*

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Dr., Suite 600
Las Vegas, NV 89135

# INDEX OF EXHIBITS

1. Exhibit A -- Declaration of Bethany Rabe
2. Exhibit B -- July Email String
3. Exhibit C -- Letter to Patricia Lee re Anti-SLAPP Motion
4. Exhibit D -- August Email String
5. Exhibit E -- Discovery Responses
6. Exhibit F -- September 14 Email with Attachment

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Dr., Suite 600
Las Vegas, NV 89135

*ACTIVE 61015021v2*