Patricia Lee (8287)
Joseph R. Ganley (5643)
David M. Doto (11796)
Ramez Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:     (702) 385-2500
Fax:    (702) 385-2086
plee@hutchlegal.com
jganley@hutchlegal.com
ddoto@hutchlegal.com
rghally@hutchlegal.com

*Attorney for ProCare Hospice of Nevada, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PROCARE HOSPICE OF NEVADA, LLC, a Nevada limited liability company, | Case No.:  2:21-cv-00417-APG-NJK |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| ONECARE HOSPICE, LLC, a Nevada limited liability company; ONECARE HEALTH SERVICES, LLC, a Nevada limited liability company; ONECARE HOME HEALTHCARE, LLC, a Nevada limited liability company DOES 1-10; and ROE CORPORATIONS 1-10, inclusive, | |
| Defendants. | |

## 1.      Introduction

OneCare's Opposition oddly focuses upon the procedural mechanisms prefacing imposition of the discovery stay under NRS 41.660(4) rather than the stay's applicability in federal court.  In fact, OneCare cites no authority supporting its contention that Nevada's anti-SLAPP discovery stay directly conflicts with the Federal Rules of Civil Procedure.  Rather, OneCare places emphasis on a single holding by this Court wherein the Court refused to apply the discovery stay based upon a stipulation of the parties. *See LHF Prods. v. Kabala,* 2:16-cv-

02028-JAD-NJK, ECF 144 at 1-2 (D. Nev. 2018). Not only are the facts of this case entirely inapposite, but the Court in its holding specifically states that "the stipulation provide[d] no explanation why the court should" apply a discovery stay grounded in state law. *Id*. OneCare's position is contradicted by the many subsequent holdings in this district, including by this Court, wherein a discovery stay was applied pending resolution of an anti-SLAPP motion.

OneCare's other primary argument is that the stay is only applied upon a motion by the party requesting the stay. As detailed herein, this argument is likewise contrived by the language of the statute and the holdings in this jurisdiction. Moreover, this argument is moot as a practical matter since ProCare has now brought its Motion for Protective Order in accordance with the parties' agreement. OneCare also argues that discovery should have been expected by ProCare when it filed suit and that ProCare cannot now bemoan participating in discovery. The filing of a claim with this Court is not an invitation for a defendant to submit frivolous SLAPP claims, however, nor does it allow a plaintiff to force a defendant to participate in substantial discovery and discovery disputes while an anti-SLAPP motion is pending.

OneCare then argues that even if the stay does apply, it should apply only to claims subject to the anti-SLAPP motion. While in theory, this is logical, a plain reading of NRS 41.660 shows that there is no carveout for discovery unrelated to the anti-SLAPP motion. Such a carve-out would defeat the purpose of the statute as it would allow a plaintiff to easily circumvent its protections and mire a defendant in onerous discovery and convoluted discovery disputes.

Finally, OneCare alternatively seeks limited discovery under NRS 41.660 and requests its fees and costs related to the countermotion to compel (the countermotion to compel was denied by this Court but, ProCare nonetheless addresses the request herein). Regarding the request for limited discovery, OneCare fails to explain with any specificity the discovery sought or how such discovery may allow it to survive the arguments made by ProCare. Accordingly, OneCare fails to meet its burden under NRS 41.660(4). OneCare's request for fees and costs is devoid of all merit given the substantial case law in this district supporting application of the anti-SLAPP discovery stay, the parties' agreement that this issue would be resolved through the

instant Motion and OneCare's own arguments that the anti-SLAPP stay only applies upon being requested by the party filing the anti-SLAPP motion. Thus, the request must be denied.

## 2. Background

As outlined in the filings, this dispute began upon the filing of ProCare's Special Anti-SLAPP Motion to Dismiss, wherein, ProCare argued that all discovery was stayed pursuant to NRS 41.660. (*See* Lee Decl. at ¶5 attached as Exhibit 1). Upon notifying OneCare's counsel of ProCare's position, OneCare's counsel claimed that ProCare's position "is simply incorrect" and touted his impressive experience before the Court in support of the same. (*See id*. at ¶6). The parties went on to exchange significant case law on the issue and further made their arguments in their respective papers regarding the anti-SLAPP Motion yet were unable to reach a resolution. (*See id*. at ¶7). Before the dispute could come to a head, OneCare agreed to engage ProCare in what care ProCare believed to be a continued good-faith effort to settle this federal court action. (*See id*. at ¶8). After weeks of discussions, it seemed that the parties had reached a settlement and that the federal matter would be resolved. Unfortunately, the parties reached an impasse and were unable to settle. (*See id*. at ¶9). As a result, Plaintiff was suddenly facing down the barrel of the significant discovery propounded by OneCare. (*See id*. at ¶10). After further discussions, the parties agreed that this matter would be best resolved through a motion for protective order filed by ProCare. (*See id*. at ¶11). On October 12, 2021, counsel for OneCare inquired as to the status of ProCare's motion based on the prior agreement. (*See id*. at ¶13). ProCare filed its Motion for Protective Order on October 20, 2021. It came as a genuine shock to ProCare and its counsel that OneCare filed a countermotion to compel in conjunction with its Opposition and further sought attorneys' fees given the parties' expressed agreement. (*See id*. at ¶15).

## 3. Discussion

### A. <u>OneCare's Opposition provides no basis to deny application of Nevada's anti-SLAPP discovery stay here</u>

   a. *<u>No court, proffered the proper legal analysis, has found that Nevada's anti-SLAPP discovery stay conflicts with the Federal Rules of Civil Procedure</u>*

No Court in any jurisdiction has held that Nevada's anti-SLAPP discovery stay directly conflicts with FRCP 56 or any other Federal Rule of Civil Procedure. ProCare's attempts to

obfuscate this by citing case law from California and a myriad of other jurisdictions analyzing their unique anti-SLAPP statutes (*see* Opp'n 7:6; 8:10–9:6; 12:10–28, ECF No. 45) are nothing but a diversion from this simple truth. OneCare extensively argues that California and Nevada's anti-SLAPP discovery stay provisions are similar and thus, this Court should look to California courts for guidance. (*See id*. 8:10–9:6). Despite their similarities, however, Nevada's anti-SLAPP stay provision more directly mirrors FRCP 56(d).

California's anti-SLAPP discovery stay provision, states that "all discovery proceedings in the action shall be stayed," but "[t]he court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision." *See* California Code of Civil Procedure § 425.16(g). Nevada's anti-SLAPP discovery stay provision instructs that "[u]pon a showing by a party that information necessary to meet or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of another party or a third party and is not reasonably available without discovery, the court shall allow limited discovery for the purpose of ascertaining such information." NRS 41.660(4). FRCP 56(d) dictates that "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." California's statute, unlike Nevada's or FRCP 56, does not articulate a specific standard or showing that a party must make to overcome the discovery stay, but rather imposes a broad "good cause" standard. Moreover, as highlighted in ProCare's Motion, California Courts after *Metabolife*, have found that California's statute is consistent with FRCP 56.[1] *See Price v. Stossel,* 590 F. Supp. 2d 1262, 1266 (C.D. Cal. 2008). OneCare's reliance on

---

[1] OneCare incessantly touts *Planned Parenthood* as a reaffirmation of *Metabolife* by the Ninth Circuit. (Opp'n 7:23–26, 9:3–7) (citing *Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018)). Notably, however, in *Planned Parenthood* the Court adopted an exception to *Metabolife*, allowing California's discovery stay to apply in federal court while "eliminat[ing] conflicts between California's anti-SLAPP law's procedural provisions and the Federal Rules of Civil Procedure." *See id*. Moreover, in a subsequent holding by the Ninth Circuit analyzing Nevada's anti-SLAPP law, **the Ninth Circuit expressly refused to apply *Planned Parenthood* noting that "*Planned Parenthood* involved an anti-SLAPP motion under California law, not Nevada law."** *Century Sur. Co. v. Prince*, 782 Fed. Appx. 553, 557 (9th Cir. 2019). Emphasis added. ProCare cited this case in its Motion (Mot. for Protective Order 2:24–3:2, ECF No. 43) yet OneCare made no effort to distinguish it.

extra-jurisdictional case law is of little instructive value to the Court's decision here.  OneCare's overreliance on this extra-judicial case law is understandable given that Nevada law heavily favors application of the discovery stay.

In its Motion, ProCare cited a plethora of holdings from this jurisdiction wherein courts applied Nevada's anti-SLAPP stay and expressly found that it does not directly conflict with the Federal Rules of Civil Procedure. (*See* Mot. for Protective Order 2:16–3:2).  OneCare fails to distinguish these cases in any meaningful way and instead asserts that these cases mandate that a party seeking application of the stay must file a motion with the Court. (*See* Opp'n 11:1–2).  This argument is addressed in detail below.

OneCare's only argument against application of the stay under Nevada law is a holding by this Court which ProCare discussed at length in its Motion. (*See* Opp'n 11:24–12:10) (citing *LHF Prods. v. Kabala,* 2:16-cv-02028-JAD-NJK, ECF No. 144 (May 8, 2018)).  To reiterate, this holding offers no substantive guidance because the facts here are inapposite and, as this Court noted, the holding was premised upon a stipulation of the parties that "provide[d] no explanation why the court should" apply a discovery stay grounded in state law. (*See* Mot. for Protective Order 8:11–27).  It is telling that OneCare's most persuasive authority involves a holding in which this Court was afforded no opportunity to analyze the prevailing law on the issue.  Courts that are provided this legal analysis have uniformly held that Nevada anti-SLAPP discovery stay applies in the courts of this district.[2]  *See e.g., Wynn v. Bloom*, 218CV00609JCMGWF, 2019 WL 1983044, at *1 (D. Nev. May 2, 2019) ("This statutory authorization for some discovery [under NRS 41.660] is consistent with Rule 56(d)(2) of the Federal Rules of Civil Procedure which states that if the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may allow time to obtain affidavits or declarations, or to take discovery."); *Pacquiao*

---

[2] In addition to the various holdings referenced above and, in the Motion, where courts in this district imposed the discovery stay without need for a motion, or otherwise affirmed the applicability of the stay, this Court and others have also granted motions to stay discovery pending resolution of an anti-SLAPP motion  *See e.g., Shahrokhi v. Harter,* 2020 U.S. Dist. LEXIS 231230, at *2 (D. Nev. 2020) (Koppe, J.) (granting a motion to stay discovery pending resolution of anti-SLAPP motion); *Smith v. Craig,* 2019 U.S Dist LEXIS 168416, at *3 (D. Nev. 2019).

*v. Mayweather*, 209-CV-2448-LRH-RJJ, 2010 WL 1439100, at *1 (D. Nev. Apr. 9, 2010) ("If a special motion is filed, the court must treat the motion as one for summary judgment and stay discovery pending a ruling on the motion.") *Rebel Communications, LLC v. Virgin Valley Water Dist.*, 2:10-CV-0513-LRH-PAL, 2011 WL 3841340, at *1 (D. Nev. Aug. 25, 2011; *LHF Productions, Inc. v. Does*, 848 Fed. Appx. 802, 803 (9th Cir. 2021) (citing NRS 41.660(4); *accord* FRCP 56) (holding that a district court properly denied a party's request for further discovery under NRS 41.660); *Century Sur. Co. v. Prince*, 782 F. App'x 553, 557 (9th Cir. 2019) (holding that "[t]he district court did not abuse its discretion by denying [p]laintiff the opportunity to conduct discovery" because plaintiff failed to make the requisite showing under NRS 41.660(4) and because "the special motion to dismiss did not challenge 'the factual sufficiency' of [p]laintiff's claims, but rather challenged the fact that the claims targeted good-faith communications.").

Accordingly, there is no cognizable argument against application of the discovery stay here.[3] This is seemingly why OneCare's Opposition instead centers around its argument that a party must file a motion subsequent to the anti-SLAPP motion for the stay to be imposed.

> b. *<u>Even if a motion is a necessary prerequisite to the discovery stay, this point is moot because ProCare has now filed the instant Motion</u>*

OneCare admits that many Nevada Courts have applied the anti-SLAPP discovery stay issued before and after this Court's holding in *LHF Productions* yet argues that in those instances "an anti-SLAPP [p]laintiff [sic] [must] [f]ile a [m]otion to [s]tay [d]iscovery." (Opp'n 11:1–2). Paradoxically, OneCare then points out moments later, ProCare has cited several Nevada cases wherein a party seeking discovery after an anti-SLAPP motion is filed, submitted a motion

---

[3] ProCare contends that the Court "cannot" grant the Motion for Protective Order under LR 26-6 because no declaration was submitted detailing the parties' meet and confer efforts. (Opp'n 6: n.3). LR 26-6 is not an absolute bar on the Court's ability to decide a motion, however. *See Reed v. Dzurenda*, No. 2:19-cv-00172-APG-NJK, 2021 U.S. Dist. LEXIS 114993, at *2 (D. Nev. June 17, 2021) (J. Koppe) (granting a motion to extend discovery "despite the lack of a proper meet and confer."). Here, there is no argument that the parties did not extensively meet and confer on the issue and the circumstances leading up to the filing of the Motion are described at length in the Motion and Opposition. A declaration is also included with this Reply to address these factual assertions. Moreover, the parties jointly agreed that ProCare would file the Motion for Protective Order. So, if the Court does find that it was an error not to include a declaration, ProCare respectfully asks that this Court utilize its vast discretion and decide this motion on its merits so that this issue may be put to rest.

1 requesting limited discovery with the Court. (*Id*. 11:9–18). OneCare theorizes that these cases involved "situations where the party against whom the anti-SLAPP motion was brought decided to bring a motion requesting discovery, so the issue of whether discovery is automatically stayed in federal court was not directly before the courts in those instances." (*Id*. 11:11–14). This theory begs the question—why would a party file a motion for limited discovery under NRS 41.660 if a discovery stay was not in effect? OneCare fails to answer this question.

Furthermore, OneCare's hypothesis ignores the language of these holdings. For example, in *Pacquiao* the court states "[i]f a special motion is filed, the court must treat the motion as one for summary judgment and stay discovery pending a ruling on the motion." *Pacquiao v. Mayweather*, 209-CV-2448-LRH-RJJ, 2010 WL 1439100, at \*1 (D. Nev. Apr. 9, 2010) (citing NRS 41.660(3)(b)). Notably, the court *does not state* that upon the filing of a special motion, and a subsequent motion for a protective order, discovery is stayed. Rather, the court simply instructs that upon the filing of a special anti-SLAPP motion to dismiss, discovery is stayed. *See id*. This is sound legal policy since application of the stay without the need for a subsequent motion preserves the Court's limited resources by avoiding the filing of a separate motion for stay every time an anti-SLAPP motion is filed. Moreover, immediate application of the stay preserves the intent of the statute by reducing the number of filings for a party seeking anti-SLAPP relief, which further conserves the fees and costs expended by the movant.

Ultimately, it is unclear why OneCare devotes a significant portion of its Opposition to this assertion when, as a practical matter, it is of no consequence here. As detailed in the Motion and Opposition, the parties agreed that ProCare would file this Motion to bring this dispute before the Court. Since the Motion is now before the Court, the question of whether it is required in the first instance is moot and the Court need not reach this issue to determine if the stay should apply. Based on the precedent cited above, ProCare maintains that the discovery stay goes into effect upon the filing of an anti-SLAPP motion.

       c. <u>*An Erie analysis is appropriate because there is no basis to suggest that the anti-SLAPP discovery stay directly conflicts with any other federal rules*</u>

Despite lacking any supporting authority, ProCare maintains that an *Erie* analysis is inappropriate here because Nevada's anti-SLAPP discovery stay conflicts with the Federal Rules

of Civil Procedure, which allow a party to obtain discovery following a Rule 26(f) conference. (*See* Opp'n 10:4–9). Notably, to ProCare's knowledge, no court has ever found a conflict between NRS 41.660 (or any other discovery stay provision) and FRCP 26(f) which simply sets forth when parties may initiate discovery and Nevada's discovery stay. On the contrary, courts in this district have held that the discovery stay provision does not conflict with the federal rules.[4] *See Wynn v. Bloom*, 218CV00609JCMGWF, 2019 WL 1983044, at *1 (D. Nev. May 2, 2019) ("This statutory authorization for some discovery [under NRS 41.660] is consistent with Rule 56(d)(2) of the Federal Rules of Civil Procedure which states that if the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may allow time to obtain affidavits or declarations, or to take discovery."). A *Tradebay* analysis is improper here because this matter does not involve a discretionary request for a stay under FRCP 26(c) wherein a party must meet a specified burden to attain a discovery stay. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Instead, it involves the application of a statutorily *mandated* stay grounded in state procedural law. In such a circumstance, an *Erie* analysis is the more appropriate vehicle for the Court to conduct its analysis. *See Hanna v. Plumer,* 380 U.S. 460, 471, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965) ("In the absence of a 'direct collision,' [between state procedural laws and the Federal Rules of Civil Procedure] the court must make the 'typical, relatively unguided *Erie* Choice.'"). As detailed in the Motion, an *Erie* analysis weighs heavily in favor of applying Nevada's anti-SLAPP discovery stay here.[5] (*See* Mot. for Protective Order 7:3–14).

---

[4] Although OneCare argues that an anti-SLAPP motion challenging the factual sufficiency of a claim demands the allowance for some discovery, it goes on to state that "ProCare's anti-SLAPP motion did not make clear whether it challenges the factual or legal sufficiency of the claim, but even if it challenges the legal sufficiency of the claim such that discovery is not <u>required</u> before a ruling on the anti-SLAPP motion, the stay is not automatic." (Opp'n 9: 22–24) (emphasis in original). OneCare does not argue that the Motion challenges the factual sufficiency of their claims but does subsequently request limited discovery as addressed in detail herein. (*See id*. 14:9–15:15).

[5] OneCare claims that ProCare's *Erie* based arguments are unfounded because ProCare "presents no evidence that plaintiffs 'flock' to the federal courts to file potential SLAPP claims." (Opp'n 10:13–16). Currently, however, Nevada district courts have almost universally applied the stay so no such evidence would exist. More importantly, a key principle of the *Erie* doctrine is the "discouragement of forum shopping." *See Hanna v. Plumer,* 380 U.S. 460, 471, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965). It is a logical assumption that if courts in this district denied SLAPP defendants the same protections afforded to them in state court, plaintiffs with potential SLAPP claims would strive to bring their motions in the federal forum whenever possible.

### B. The plain language and purpose of the discovery stay statute demand that all discovery be stayed pending resolution of the anti-SLAPP motion

OneCare next contends that even if the discovery stay did apply, it should only apply to discovery related to the claims subject to the anti-SLAPP motion. OneCare correctly points out that ProCare's claims and three of OneCare's counterclaims are not subject to the anti-SLAPP motion. However, Nevada's discovery stay provides no carveout for discovery related to non-SLAPP claims. The rationale behind excluding a carveout is apparent. If a party bringing potential SLAPP claims could circumvent the discovery stay by simply alleging other claims, regardless of their merit, which do not directly fall within the confines of Nevada's anti-SLAPP law, a plaintiff would be free to barrage a defendant with discovery while the anti-SLAPP motion was pending. If the plaintiff were to include discovery related to the SLAPP claims, the defendant would be forced to spend the significant time and resources to file a motion for protective order with the Court and navigate the complex legal issues inherent to such a filing to avoid being forced to respond to the offending requests. This process would render the protections of the anti-SLAPP statute meaningless. That is why both NRS 41.660(4) and FRCP 56(d) impose the burden on the party seeking discovery to make the requisite showing that specific limited discovery is necessary to oppose a motion. OneCare fails to show why this procedural structure should not be followed here.[6]

### C. OneCare fails to show that the discovery it requests is necessary to its Opposition to the anti-SLAPP motion

Despite the parties' agreement OneCare, without providing ProCare any forewarning, filed a countermotion to compel discovery. This Court correctly identified the superfluous nature of this countermotion and denied it immediately. (*See* Order Denying Countermotion, ECF No. 47). The Court notes in that Order, however, that it may nonetheless order that discovery be provided, so ProCare will address the discovery requested by OneCare. In the Opposition, OneCare requests that it "be permitted to engage in 'limited discovery'…pursuant to NRS

---

[6] OneCare also does not identify any prejudice it would suffer if discovery for both parties is stayed pending resolution of the anti-SLAPP motion, nor does it explain why it is so vehemently opposed to the stay.

1  41.660.⁷ Under NRS 41.660(4), "[u]pon a showing by a party that information necessary to meet
2  or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of another
3  party or a third party and is not reasonably available without discovery, the court shall allow
4  limited discovery for the purpose of ascertaining such information." NRS 41.660 (4).

5        As stated in the Motion and the reply in support of ProCare's anti-SLAPP motion,
6  ProCare largely challenges the legal sufficiency of the counterclaims based on the litigation
7  privilege, the absolute right privilege, and the Colorado River doctrine. These arguments mirror
8  the arguments in the separately filed 12(b)(6) Motion to Dismiss. Nonetheless, OneCare points
9  to several vague factual assertions stating generally that discovery is necessary to bolster these
10 claims. These bare assertions are insufficient to satisfy OneCare's burden under NRS 41.660.

11       First, OneCare lists five supposed disparaging statements that it is "informed and
12 believes" were made by various individuals. (*See* Opp'n 14:15–15:6). There is no mention of
13 these specific statements in OneCare's counterclaims, however, and it is unclear why any
14 discovery is necessary and what discovery OneCare proposes to conduct in relation to these
15 allegations. OneCare generally states that discovery is necessary to "determine what specifically
16 was said," but OneCare seems fully aware of the conversation, the parties to the conversation,
17 and the nature of the communications, so it is unclear why discovery is necessary to unearth this
18 additional information. OneCare further asserts that it "is informed and believes that similar
19 statements have been made to other individuals," however this broad proclamation lacks any
20 details which would allow this Court to fashion limited discovery to acquire this information.
21 (*See id*. at 14:18–19). OneCare further fails to elaborate where ProCare challenges these factual
22 allegations in the context of the anti-SLAPP motion, and how discovery would help the
23 allegations survive dismissal thereunder. These naked recitations of alleged factual scenarios
24 premised upon nothing more than information and belief, with no depiction of the discovery
25 OneCare seeks to conduct, or explanation of why this discovery cannot be attained through other
26 parties cannot satisfy OneCare's burden under NRS 41.660(4).

27
28

---

⁷ OneCare does not request this limited discovery under the analogous FRCP 56(d) standard.

OneCare's other contentions that "discovery is necessary to obtain evidence that ProCare's principals knew that the statements were false…" and that "[g]iven ProCare's pattern of disparaging and defamatory statements about OneCare, discovery is necessary to determine what other defamatory or disparaging statements have been made to third parties and resulting damages" are equally amorphous. If OneCare's version of "limited discovery" includes a fishing expedition regarding supposed statements of which OneCare has no concrete knowledge, made to unknown third-parties, it only further establishes that the interests of judicial economy demand that all discovery be stayed pending resolution of the anti-SLAPP motion. Such discovery is patently overbroad on its face and far exceeds the limited discovery contemplated under NRS 41.660. Likewise, unspecified discovery regarding the mental state of "ProCare's principals" is dubious. Greg Walski provided a declaration in support of the anti-SLAPP motion stating that "ProCare's communications were made in contemplation of litigation" and "made in good faith to protect ProCare." (Walski Decl. at ¶9–10, ECF No. 36-5). Indeed, as highlighted in ProCare's anti-SLAPP motion, most of the claims OneCare asserts against ProCare here are premised upon verbiage which mirrors the language used by ProCare in setting forth its allegations and articulating its position in the state court action. (*See* Special anti-SLAPP Mot. to Dismiss at 7:14–8:25, ECF No. 36). OneCare fails to point to any specific information that must be uncovered which would rebut or challenge this declaration. Thus, OneCare has failed, on all fronts, to articulate a basis for discovery under NRS 41.660.

### D. **OneCare's request for fees and costs is duplicitous and must be disregarded**

ProCare specifically chose not to include a request for fees and costs in their Motion given what it thought was a good-faith effort to resolve this dispute between the parties. It is apparent that OneCare does not share ProCare's sentiment, however. It is especially odd that OneCare makes this request when their Opposition argues at length that a discovery stay may only be attained through a motion for protective order by ProCare. Under OneCare's interpretation of the law, does it expect every anti-SLAPP defendant to be threatened with sanctions upon requesting a stay as OneCare claims they are obligated to do? Such a position is untenable. Additionally, by artfully filing a countermotion to compel, despite the party's

agreement that the issue would be resolved through a motion for protective order, OneCare artificially inflated the fees and costs it ostensibly incurred in drafting its Opposition. ProCare should bear no burden stemming from OneCare's gamesmanship. Finally, OneCare contends that it is entitled to fees and costs because ProCare's position "is not substantially justified." A plain reading of the case law, however, belies this notion. OneCare claims that "it provided significant case authority – including an order of this Court – supporting its position prior to bringing this motion." (Opp'n 15:26–27). It fails to mention, however, that the authority it provided almost exclusively extra-judicial, was rebutted by substantial authority from this jurisdiction presented by ProCare, and that the order of this Court it cites to triumphantly refers to an inapposite holding on a "stipulation" wherein the Court was "provide[d] no explanation why the court should" apply a discovery stay grounded in state law." In sum, OneCare provides no cognizable basis to support their Opposition let alone a basis for an award of fees and costs. Thus, OneCare's request for fees must, respectfully, be denied.

## 4. Conclusion

For the reasons stated here, this Court should grant ProCare's Motion for Protective Order and stay all discovery pending resolution of the anti-SLAPP motion pursuant to NRS 41.660. Moreover, the Court must deny OneCare's unfounded request for fees and costs and put OneCare on notice that such bad-faith litigation tactics will not be tolerated.

DATED this 10th day of November, 2021.

HUTCHISON & STEFFEN, PLLC

*/s/ Patricia Lee*

———————————————
Patricia Lee (8287)
Joseph R. Ganley (5643)
David M. Doto (11796)
Ramez Ghally (15225)
Peccole Professional Park
10080 W. Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorney for ProCare Hospice of Nevada, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 10th day of November, 2021, I caused a copy of **REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Suzanne Morehead*
_____
An employee of Hutchison & Steffen, PLLC