1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PROCARE HOSPICE OF NEVADA, LLC,

     Plaintiff(s),

v.

ONECARE HOSPICE, LLC, et al.,

     Defendant(s).

Case No. 2:21-cv-00417-APG-NJK

**ORDER**

[Docket No. 43]

11      Pending before the Court is Plaintiff's motion for protective order. Docket No. 43.

12 Defendants filed a response in opposition. Docket No. 44; *see also* Docket No. 45 (corrected

13 image). Plaintiff filed a reply. Docket No. 48. The motion is properly resolved without a hearing.

14 *See* Local Rule 78-1. For the reasons discussed more fully below, the motion for protective order

15 is **DENIED**.

16 **I.**     **BACKGROUND**

17      Plaintiff ProCare and Defendant OneCare are companies providing hospice services in

18 Nevada. Docket No. 22 at ¶¶ 10-13. On February 25, 2021, Plaintiff filed a federal trademark

19 application for the mark "ProCare Hospice of Nevada" that incorporates a tree image. *Id.* at ¶ 30.

20 The application asserts that Plaintiff has used the mark in commerce since 2013. *Id.* at ¶ 31.[1] On

21 February 26, 2021, Plaintiff also filed a federal trademark application for "With your hope and our

22 help," asserting that Plaintiff has used that slogan in commerce since 2013. *Id.* at ¶¶ 33-34.

23 Plaintiff alleges that Defendants have infringed its rights to the above mark and slogan by using

24 the name "ProCare" in conjunction with a tree image along with the phrase "Partners in Hope."

25 *See id.* at ¶¶ 25-26. Invoking the federal Lanham Act, Plaintiff brought claims for trademark

26 infringement and related causes of action arising out of the above allegations. *See id.* at ¶¶ 37-54.

27

28      [1] Plaintiff previously registered the name "ProCare" with the Nevada Secretary of State. *See id.* at ¶ 32.

1

1    The First Amended Complaint couches the infringement allegations with those related to

2   the departure of Amber Perelgut and Adam Perelgut from Plaintiff's employ. *See id.* at ¶¶ 14-24.

3   The First Amended Complaint alleges that, notwithstanding certain restrictive covenants, the

4   Perelguts now work for—or are otherwise in cahoots with—Defendants. *See id.* at ¶¶ 16, 20-22.

5   The First Amended Complaint also alleges that Defendants began their infringing activity shortly

6   after the Perelguts became affiliated with them. *Id.* at ¶ 24. Plaintiff brought a separate suit in

7   state court specific to the issues involving the Perelguts. *Id.* at 4 n.1.

8    Defendants responded to the filing of this federal lawsuit by, *inter alia*, pleading a variety

9   of counterclaims. Several counterclaims go directly to the trademark issues alleged in the First

10  Amended Complaint, such as claims for a declaration of non-infringement. *See* Docket No. 24 at

11  ¶¶ 43-54. Defendants also brought additional state law counterclaims. *See, e.g.*, *id.* at ¶¶ 69-75.

12  Arguing that three of these state law counterclaims are premised on protected statements related

13  to the state court proceedings or this lawsuit, Plaintiff filed a special motion to dismiss pursuant to

14  Nevada's Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute. *See* Docket

15  No. 36 at 7.

16   The parties are now before the Court on Plaintiff's motion for protective order seeking to

17  stay all discovery in light of its anti-SLAPP motion. Docket No. 43.

18  **II.    STANDARDS**

19   "The discovery process in theory should be cooperative and largely unsupervised by the

20  district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless,

21  a party from whom discovery is sought may move for a protective order to prevent annoyance,

22  embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). "District courts

23  possess 'wide discretion to determine what constitutes a showing of good cause and to fashion a

24  protective order that provides the appropriate degree of protection.'" *Swenson v. GEICO Cas. Co.*,

25  336 F.R.D. 206, 209 (D. Nev. 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414

26  (S.D. Cal. 2020)). Where grounds for a protective order have been established, courts have a

27  variety of options to rectify the situation, including preventing the discovery or specifying the

28  terms on which the discovery will be conducted. Fed. R. Civ. P. 26(c)(1)(A), (B). In appropriate

1    circumstances, a protective order may issue to stay all discovery.  *See Turner Broad. Sys., Inc. v.*

2    *Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v.*

3    *Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). The party seeking issuance of a

4    protective order bears the burden of persuasion.  *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D.

5    428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 784 F.2d 1108, 1121 (3d Cir. 1986)).

6    In the context of a request to stay discovery, the movant must meet the heavy burden of making a

7    strong showing that discovery should be denied.  *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579,

8    581 (D. Nev. 2013).

9    **III.    ANALYSIS**

10        Plaintiff's motion seeks a stay of all discovery in light of its anti-SLAPP motion targeting

11   a subset of the counterclaims brought by Defendants.  *See* Docket No. 43; *see also* Docket No. 36

12   (special motion to dismiss).  Plaintiff argues that the filing of an anti-SLAPP motion with respect

13   to any claim or counterclaim in the case results in a stay of discovery for the entire case.  *See*

14   Docket No. 43 at 9.  Defendants counter that a case-wide stay of discovery is improper given that

15   only three counterclaims are at issue in the anti-SLAPP motion.  *See* Docket No. 45 at 13-14.

16   Defendants have the better argument.

17        A.    Statutory Language

18        As Plaintiff acknowledges in its motion to stay discovery, its anti-SLAPP motion does not

19   address any of its own claims nor three of Defendants' counterclaims.  *See* Docket No. 48 at 9.

20   Nonetheless, Plaintiff argues that discovery must be stayed in its entirety, including as to federal

21   causes of action it has brought, because the state's anti-SLAPP statute indicates that a special

22   motion to dismiss requires courts to "[s]tay discovery" without any limitation to those claims not

23   challenged in the underlying motion to dismiss.  *See* Docket No. 43 at 9.

24         "[W]ords in a statute should be given their plain meaning unless this violates the spirit of

25   the act."  *Krave Ent., LLC v. Liberty Mut. Ins. Co.*, 667 F. Supp. 2d 1232, 1236 (D. Nev. 2009)

26   (quoting *V & S Ry. LLC v. White Pine Cnty.*, 211 P.3d 879, 882 (Nev. 2009)).  The pertinent

27   statutory provision states that the court must, "[e]xcept as otherwise provided in subsection 4, stay

28

1  discovery pending . . . [a] ruling by the court on the [anti-SLAPP] motion." N.R.S. 41.660(3)(e).[2]

2  The Court does not find that the language of the statute on its face requires a complete stay of any

3  and all discovery simply because a partial motion to dismiss challenges a subset of claims. Plaintiff

4  has presented no case law from the Nevada Supreme Court (or any other court) that the Nevada

5  anti-SLAPP stay provision is meant to mandate a case-wide stay of discovery in any case in which

6  a partial special motion to dismiss is filed. *Cf. Jordan-Benel v. Universal City Studios, Ind.*, 859

7  F.3d 1184, 1190 (9th Cir. 2017) (federal courts interpret an anti-SLAPP statute by first looking to

8  pronouncements of the state's highest court). In this Court's view, the language of the statute is

9  silent as to the scope of the discovery stay.[3]

10        The Court is also mindful that courts applying other state's anti-SLAPP statutes have

11  limited stays to those claims challenged by the special motion to dismiss. *See Ramachandran v.*

12  *City of Los Altos*, No. 18-cv-01223-VKD, 2019 U.S. Dist. Lexis 24541, at *1 (N.D. Cal. Feb. 13,

13  2019) (concluding that California provision for a stay pending resolution of anti-SLAPP motion

14  did not apply to federal claims or those involving other parties); *see also Columbia Sportswear N.*

15  *Am., Inc. v. Seirus Innovated Accessories, Inc.*, No. 3:19-cv-137-SI, 2020 WL 403722, at *4 (D.

16  Ore. Jan. 24, 2020) (notwithstanding appeal of ruling under Oregon's anti-SLAPP statute,

17  declining to stay discovery as to federal claims because those claims "will go forward regardless

18  of what happens to Plaintiff's state claims"); *Youngevity Int'l v. Smith*, No. 16-cv-704-BTM-JLB,

19  2018 WL 3426266, at *1 (S.D. Cal. July 16, 2018) (concluding that claims not subject to an anti-

20  SLAPP appeal were not stayed by that law, but staying such proceedings under other sources of

21

22      [2] Subsection 4 provides for limited discovery necessary to meet or oppose the burden applicable to an anti-SLAPP motion. *See* N.R.S. 41.660(4).

23      [3] Plaintiff argues that the scope of the discovery stay must be all-encompassing because there is no "carve-out" for discovery unrelated to the claim(s) challenged by the special motion to
24  dismiss. *See* Docket No. 43 at 9; *see also* Docket No. 48 at 9. Plaintiff finds the absence of such an exception to be significant because the statute does provide an exception for limited discovery
25  pertinent to the special motion to dismiss. *See* Docket No. 43 at 9 (citing N.R.S. 41.660(4)). The Court is not persuaded. The need for an exception presupposes that a situation otherwise falls
26  within the scope of a provision; if discovery on claims not challenged by an anti-SLAPP motion is not within the scope of the stay provision, then there is no need for the legislature to create an
27  exception in the statute for such discovery. Hence, the lack of an explicit exception for discovery as to claims unchallenged by the anti-SLAPP motion is not probative in determining whether such
28  discovery falls within the scope of the stay as a threshold matter.

1 authority); *Flores v. Emerich & Fike*, No. 1:05-cv-0291 OWW DLB, 2007 WL 963282, at \*7

2 (E.D. Cal. Mar. 29, 2007) ("Although Plaintiffs will now be free to appeal the partial [anti-SLAPP]

3 judgment entered against the Fike Defendants, there is no stay in effect as to the claims against the

4 remaining defendants. Plaintiffs must move those forward with reasonable dispatch"). Moreover,

5 judges in this District addressing situations outside the anti-SLAPP context have routinely

6 concluded that a stay of discovery tied to a pending dispositive motion is generally limited to the

7 claims being challenged in that motion. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579,

8 585 n.9 (D. Nev. 2013) ("a general stay of discovery is only appropriate where the Court is

9 convinced that all claims will be dismissed"); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602

10 (D. Nev. 2011) (explaining that an underlying motion on which a motion to stay discovery is

11 predicated "must be potentially dispositive of the entire case" for a case-wide stay or must be "at

12 least dispositive on the issue on which discovery is sought" for a claim-specific stay); *White v. Am.*

13 *Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989) (denying request to stay all discovery brought

14 by party who did not join underlying motion to dismiss).[4] As Plaintiff itself acknowledges, such

15 an approach is generally also logical within the anti-SLAPP context. *See* Docket No. 48 at 2.[5] The

16 ────────────

17 [4] The parties both discuss at some length an unpublished order by the undersigned that highlighted several concerns that were not addressed in the underlying papers, including the failure to explain why all discovery should be stayed given that the anti-SLAPP motion in that case was

18 partial in nature. *See LHF Prods. v. Kabala*, No. 2:16-cv-02028-JAD-NJK, Docket No. 145 at 2-3 (D. Nev. May 8, 2018). Because of the failure to address the concerns identified, the stay in that

19 case was denied *without prejudice*. *See id.* at 3. The Court was not therein making definitive rulings on the concerns being raised, but rather such an order simply tells a movant to "try again"

20 with papers addressing those concerns. *See Lescinsky v. Clark Cnty. Sch. Dist.*, ___ F. Supp. 3d ___, 2021 WL 1933931, at \*1 n.1 (D. Nev. May 13, 2021). That order is of limited guidance here.

21 [5] Plaintiff nonetheless argues that allowing discovery on other claims would enable skilled

22 litigants to harass an anti-SLAPP movant with unnecessary discovery by pleading additional, baseless claims that would not be subject to an anti-SLAPP motion. *See id.*; *see also id.* at 9 ("If

23 a party bringing potential SLAPP claims could circumvent the discovery stay by simply alleging other claims, regardless of their merit, which do not directly fall within the confines of Nevada's

24 anti-SLAPP law, a plaintiff would be free to barrage a defendant with discovery while the anti-SLAPP motion was pending"). Plaintiff's fears are unfounded because the anti-SLAPP statute is

25 not the only tool in the shed for those seeking to stay discovery. In the scenario conjured up by Plaintiff in which meritless claims are pled as a means to engage in harassing discovery, a stay of

26 discovery may be sought as to those meritless claims by filing a motion to dismiss and then establishing the elements required for a typical discovery stay. *See, e.g.*, *Kor Media*, 294 F.R.D.

27 at 581 (providing standards for staying discovery pending resolution of a dispositive motion). Moreover and significantly, Plaintiff's conjecture is inapposite to a case like this one in which

28 Plaintiff is attempting to stay discovery as to its own claims that it has brought.

1   Court declines to interpret the words "stay discovery" to mean something broader in the context
2   of Nevada's anti-SLAPP law.

3        Accordingly, the Court finds that the discovery stay provision in Nevada's anti-SLAPP law
4   (N.R.S. 41.660(3)(e)) applies only to claims challenged in the underlying special motion to
5   dismiss.

6        B.        Additional Considerations

7        The Court's conclusion that Nevada's anti-SLAPP discovery stay does not apply to those
8   claims unchallenged by the underlying special motion is also supported by important policy
9   considerations.

10       First, it is important to recognize that Plaintiff is seeking to stay discovery as to *federal*
11  causes of action brought in this case.  Plaintiff's position is effectively that a state's legislature can
12  control the manner in which federal claims are litigated in federal court.  Not so.  The procedures
13  for litigating federal claims in federal court are determined by federal law.  *See, e.g.*, Fed. R. Civ.
14  P. 1.  That foundational principle is not altered by the mere fact that the case may involve both
15  federal and state law claims.  *See Scientific Games Corp. v. AGS LLC*, No. 2:17-cv-00343-JAD-
16  NJK, 2017 WL 3013251, at *3 n.6 (D. Nev. July 13, 2017) ("the existence of some state law issues
17  in a case premised on federal question jurisdiction does not make state law governing" (citing
18  *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005)).  The Ninth Circuit has made clear
19  that a state's anti-SLAPP law does not apply to the federal causes of action in cases involving both
20  state and federal claims.  *See Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.*, 711 F.3d 1136,
21  1141 (9th Cir. 2013); *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010); *see also Doe
22  v. Gangland Prods., Inc.*, 730 F.3d 946, 955 n.3 (9th Cir. 2013).  The Ninth Circuit has also made
23  clear that a state's anti-SLAPP law cannot be utilized in a manner to "usurp" the procedures
24  provided in the Federal Rules of Civil Procedure.  *Planned Parenthood Federation of Am., Inc. v.
25  Cntr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).  These rulings are unsurprising as they
26  arise from foundational principles of comity built into our dual-sovereign system.  *See United
27  States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (*en banc*) (rejecting efforts to use after-the-
28  fact state court orders to dictate the outcome of federal sentencing:  "In our American system of

1   dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for

2   the administration of its own criminal justice system" (quoting *Setser v. United States*, 566 U.S.

3   231, 241 (2012)); *see also Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416, 423

4   n.1 (S.D.N.Y. 2019) (recognizing that applying Nevada's anti-SLAPP statute to federal claims in

5   federal court could create a "Supremacy Clause problem"); *Resolute Forest Prods., Inc. v.*

6   *Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1025 (N.D. Cal. 2017) ("That California's anti-SLAPP

7   statute might be broadly applied in California state courts, however, does not mean that the

8   California legislature has the authority to create defenses to federal law claims brought in federal

9   court").  Although the pending motion seeks to stay discovery as to federal claims in this case,

10  Plaintiff provides no legal authority or meaningfully developed argument that the manner in which

11  those federal claims are adjudicated in federal court should be controlled by a state's statutory

12  provision.  The Court declines to take such an approach.

13       Second, the Court agrees with Defendants that Plaintiff's position is untethered to the

14  purpose behind the anti-SLAPP provision.  *See* Docket No. 45 at 14-15.  Anti-SLAPP laws are

15  meant to protect individuals from meritless and harassing lawsuits brought to chill protected

16  expression.  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 837 n.7 (9th Cir. 2001).  This case

17  involves an unusual twist in that Plaintiff is arguing that its anti-SLAPP motion requires a stay of

18  discovery <u>related to the claims that Plaintiff itself brought</u>.  Of course, discovery into Plaintiff's

19  own claims will be required regardless of the outcome of its anti-SLAPP motion directed at a

20  subset of the counterclaims.[6]  The purpose animating the anti-SLAPP law is not advanced by

21  allowing a party to invoke the anti-SLAPP stay provision for protection (that is temporary in

22  nature) from discovery regarding its own claims that it chose to litigate by initiating suit.[7]  The

23

24

25

26  [6] The need for discovery into the unchallenged counterclaims is also not impacted by the anti-SLAPP motion.

27  [7] It is not hard to imagine plaintiffs in other cases disagreeing with Plaintiff here that they
28  must delay prosecuting their own claims as a by-product of their filing of an anti-SLAPP motion targeting a subset of counterclaims.

1  Court declines to delay discovery into claims that will proceed regardless of the resolution of

2  Plaintiff's anti-SLAPP motion.[8]

3          C.      Conclusion

4          For all of these reasons, the Court concludes that Plaintiff's filing of a partial special motion

5  to dismiss pursuant to Nevada's anti-SLAPP law does not form a basis on which to stay all

6  discovery in this case.[9]

7  **IV.    HOUSEKEEPING MATTERS**

8          The parties argue at length whether Nevada's anti-SLAPP stay provision applies as a

9  general matter to claims being adjudicated in federal court.  The motion for protective order

10 seeking a case-wide stay of discovery is being denied on the separate grounds discussed above.

11 As such, the Court need not decide whether Nevada's anti-SLAPP discovery stay provision applies

12 to claims pending in federal court because, even assuming that it does, the relief sought of a case-

13 wide discovery stay would not be granted in this case.  *Cf. Kor Media*, 294 F.R.D. at 585 n.9.  To

14 the extent Plaintiff desires a partial stay of discovery limited to those claims challenged in the anti-

15 SLAPP motion, Plaintiff must promptly meet-and-confer on that issue and file a motion specific

16 to that relief by January 5, 2022.

17         The Court also notes Defendants' request for an order compelling discovery.  *See* Docket

18 No. 45 at 16; *see also* Fed. R. Civ. P. 26(c)(2).  The Court hereby **ORDERS** that Plaintiff must

19 respond, by January 19, 2022, to any outstanding discovery requests to which it has objected on

20

21         [8] Plaintiff seems to worry that it may be difficult to parse out which discovery is relevant
   to only the counterclaims challenged in the anti-SLAPP motion.  *See* Docket No. 48 at 9.  The
22 parties are represented by capable attorneys and the Court is confident that they can determine
   whether discovery is relevant to any of the claims or counterclaims not at issue in the anti-SLAPP
23 motion.  *Cf. Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (in the
   meet-and-confer process "[c]ounsel should strive to be cooperative, practical and sensible").
24

25         [9] Defendants seek to recover their expenses in defending against this motion for protective
   order.  *See* Docket No. 45 at 15-16; *see also* Fed. R. Civ. P. 26(c)(3).  An award of expenses is not
26 warranted when the losing party's positions were substantially justified.  Fed. R. Civ. P.
   37(a)(5)(a)(ii).  A position is substantially justified when "the parties had a genuine dispute on
   matters on which reasonable people could differ as to the appropriate outcome." *Big City Dynasty*
27 *v. FP Holdings, LP*, 336 F.R.D. 507, 513 (D. Nev. 2020) (quoting *Roberts v. Clark Cty. Sch. Dist.*,
   312 F.R.D. 594, 609 (D. Nev. 2016)).  The Court declines to award expenses in the circumstances
28 of this case.

1  the basis of the pendency of its anti-SLAPP motion.  If Plaintiff files a motion for partial stay of

2  discovery as contemplated above, this order requiring Plaintiff to respond to outstanding discovery

3  requests will be held in abeyance as to any discovery that is relevant only to the counterclaims

4  subject to the anti-SLAPP motion (*i.e.*, the parties must still proceed with respect to any discovery

5  relevant to any claim or counterclaim not subject to the anti-SLAPP motion).

6      Lastly, Defendants seek an order that they be permitted limited discovery that they deem

7  necessary to respond to the special motion to dismiss in the event that a stay of discovery is

8  otherwise ordered.  Docket No. 45 at 14-15; *see also* N.R.S. 41.660(4).  As it is not clear that

9  Plaintiff will seek a partial stay of discovery, this request will be denied without prejudice.[10]

10  **V.      CONCLUSION**

11      For the reasons discussed more fully above, Plaintiff's motion for protective order is

12  **DENIED**.

13      IT IS SO ORDERED.

14      Dated: December 17, 2021

15      _____
        Nancy J. Koppe
16      United States Magistrate Judge

17

18

19

20

21

---

22  [10] This request suffers from a few shortcomings.  Most significantly, this issue is tethered directly to the presentation of argument in the underlying anti-SLAPP motion.  As the papers make plain, this request for limited discovery has already been presented separately to United States

23  District Judge Andrew P. Gordon in that underlying motion practice.  *See* Docket No. 45 at 14-15; *see also* Docket No. 41 at 22-23.  Any renewed request that the undersigned magistrate judge allow

24  such discovery must be accompanied by a robust explanation as to why that decision should be made by the undersigned given these circumstances.  *Cf. Opportunity Homes, LLC v. Federal*

25  *Home Loan Mrtg. Corp.*, 169 F. Supp. 3d 1073, 1078 (D. Nev. 2016) (Gordon, J.) (resolving Rule 56(d) request for discovery in conjunction with deciding motions for summary judgment); *Kabo*

26  *Tools Co. v. Porauto Indus. Co., Ltd.*, No. 2:12-cv-01859-LDG-NJK, 2013 WL 12321307, at *1 (D. Nev. Apr. 15, 2013) (Koppe, J.) (declining to rule on whether jurisdictional discovery was

27  warranted given same request was made to the district judge in underlying motion practice).  In addition, any renewed request to the undersigned must include more fully developed argument

28  generally as to the entitlement to this limited discovery.